IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CAROLINE CAINE,

          Plaintiff,

v.                                            CIVIL ACTION NO.   3:19-0852

AIR EVAC EMS, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Exclude Expert Witnesses (ECF No. 68). For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

Under the Amended Scheduling Order, the Parties were required to disclose expert witnesses according to the following deadlines: January 15, 2021 for the party bearing the burden of proof on an issue; February 16, 2021 for the party not bearing the proof an on issue; and March 10, 2021 for disclosures "if the evidence is intended solely to contradict or rebut the evidence on the same issue identified by another party." Am. Sched. Order, ECF No. 31.

On January 15, 2021, Plaintiff disclosed three expert witnesses and their reports on the following topics: (1) "lost wages and benefits damages"; (2) "damages and the employment opportunities for the Plaintiff"; and (3) "pretext for [Plaintiff's] termination." Pl.'s Mem. in Supp., ECF No. 69. On March 10, 2021, Defendant disclosed three expert witnesses and their reports, which Defendant characterizes as directly rebutting the issues addressed in Plaintiff's reports.

Plaintiff now seeks a court order excluding Defendant's expert witnesses, arguing that they

should have been disclosed by either the January 15 or February 16 deadline. Defendant argues that the experts were timely disclosed as rebuttal experts on March 10, 2021.

## II. STANDARD OF REVIEW

Although the Parties dispute whether Rule 37(c) or 16(f) governs this analysis, the Court finds that the rules have substantially similar standards. *See Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721, 736 (E.D. Va. 2001) (citing 3 Moore's Federal Practice, § 16.92[6][b]). Under Fed. R. Civ. P. 16(f), a court may issue sanctions (including exclusion of evidence) if a party fails to comply with a scheduling order. Likewise, under Fed. R. Civ. P. 37(c), if a party fails to disclose witnesses in compliance with Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26 (a)(2)(D) requires parties to make "[expert testimony] disclosures at the times and in the sequence that the court orders."

District courts have broad discretion to issue sanctions when a party fails to timely disclose a witness, but courts typically consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 117 (4th Cir. 2021) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)) (noting that district courts are never required "to tick through each of [these] factors.").

## III. DISCUSSION

Even assuming that the expert reports were incorrectly characterized as rebuttal evidence, the Court is satisfied that the factors weigh in favor of denying Plaintiff's motion because Defendant's error is curable and has not disrupted trial. Defendant's March 10 disclosures gave

Plaintiff more than a month of discovery to weigh the evidence and make further requests. To that end, Plaintiff had 37 days (by her own calculation) to depose each of the expert witnesses or to seek an extension of the deposition deadline. It appears that Plaintiff has done neither. Instead, Plaintiff chose to file this Motion, even recognizing that "it is likely that this Motion will not even be decided until after the discovery deadline." Pl.'s Mot. 8, ECF No. 69. Plaintiff's apparent refusal to conduct discovery after the disclosures—despite having the opportunity to do so—undermines her argument that she was incurably prejudiced.[1] In addition to being curable, Defendant's disclosures have not disrupted the trial, which is scheduled to start several months from now on August 3, 2021. Altogether, the Court finds that the inconvenience Plaintiff complains of is not enough to warrant the harsh sanction of excluding Defendant's expert witnesses under the above factors.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Exclude (ECF No. 68) and **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 30, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff now finds it necessary to extend discovery deadlines, she may still seek leave of court to do so.